381



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

Honorable Sidney J. Brown
County Attorney
Fort Bend County
Richmond, Texas

Dear Sir:

Opinion No. O-7296

Re: Whether County Clerk is required
by law to record a chattel mort-
gage on realty in both Chattel
Mortgage Records and Chattel Mort-
gage on Realty Records and what
fees should be charged.

We have received your letter of July 10, 1946, which is
quoted as follows:

"Frequently the holder of a Chattel Mortgage brings
the mortgage to the County Clerk's office for the pur-
pose of having same recorded, and asks that the mortgage
be recorded in the regular 'Chattel Mortgage Records'
and also in the 'Chattel Mortgage Records on Realty' re-
cords. This of course necessitates double work for the
Clerk as the two records are in separate books. The fee
for recording a chattel mortgage in the regular chattel
mortgage records is $0.75, and we are wondering if we
should charge an additional $0.75 under article 5498 of
the Revised Civil Statutes when the mortgagee wishes the
mortgage recorded also in the Chattel Mortgage Records on
Realty.

"In other words our question is this: 'Is the County
Clerk required by law to record a chattel mortgage in both
the Chattel Mortgage records, and also in the Chattel Mort-
gage Records on Realty, for a single fee of $0.75, or is
he authorized by law to charge a fee of $0.75 for each re-
cording.'"

Chattel mortgages upon personal property are required to be
recorded in the office of the County Clerk by the provisions of Arti-
cle 5490, V.A.C.S., the pertinent parts of which we quote below:

"Every chattel mortgage, deed of trust, or other
instrument of writing, intended to operate as a mortgage,
or lien upon personal property, and every transfer there-
of which shall not be accompanied by an immediate delivery

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

and be followed by an actual and continued change of possession of the property mortgaged, pledged, or affected by such instrument, shall be absolutely void as against the creditors of the mortgagor or person making same, as against subsequent purchasers and mortgagees or lien holders in good faith, unless such instrument, or a true copy thereof, shall be forthwith deposited with and filed in the office of the county clerk of the county where the property shall then be situated, or if the mortgagor or person making the same be a resident of this State, then, of the county of which he shall at that time be a resident;. . . ."

Article 5494, V.A.C.S., establishes the book to be kept by the County Clerk wherein chattel mortgages on personalty are recorded.

Article 5498, V.A.C.S., then provides for a classification of chattel mortgages defined as <u>records of chattels on realty</u> and we quote below the essential provisions of that statute:

"Article 5498. Records of chattels on realty.

"When any machinery or other manufactured article is susceptible of being attached to realty in such a way as to become a fixture thereto. . . and. . . there is a lien or mortgage evidenced by written instrument. . . and such instrument is registered under the provisions of this Act. . . then the registration. . . . shall be notice to all persons. . . All such instruments shall be endorsed on the back thereof, to wit, 'Liens on machinery situated on realty' and shall be registered in the county where the real estate is located in the manner as other chattel mortgages except that there shall be kept, indexed and recorded, as now herein provided for chattel mortgages, <u>a separate book</u> to be endorsed 'chattel mortgage records on realty'. . ." (Emphasis added)

Thus, we have statutory provisions for two books; one wherein chattel mortgages on personalty are recorded and the other wherein mortgages covering certain chattels attached to the realty are recorded

It is our opinion that if the personal property involved is such as is described and classified by Article 5498, it need to recorded in only the separate book so provided therein and endorsed "chattel mortgage records on realty"; that if the personal property is not so attached to the realty and consequently not covered by Article

Hon. Sidney J. Brown - Page 3

5498, then it need be recorded in only the book provided for by Article 5494, supra. Of course, there may exist a situation wherein a chattel mortgage includes both personal property and such personal property attached to the realty as is described by Article 5498, in which case the instrument involving both kinds of property should be recorded in both books as provided for in Article 5494 and Article 5498, supra.

Fees for the recordation of chattel mortgages are provided for in Article 3930, V.A.C.S., as follows:

"Article 3930. County Clerk

"Clerks of the County Court shall receive the following fees:

"For filing and registering and entering satisfaction and release of each chattel mortgage . . . . .75"

Only one fee is prescribed by the statute for the services listed with reference to each mortgage filed and the amount is fixed at seventy-five (.75) cents. For the County Clerk to properly perform these specific services with reference to each such mortgage may require a recordation in two books as in the instance we cite above. In our opinion, this does not require the charge of a double fee and only one charge of seventy-five (.75) cents is authorized.

We trust this satisfactorily answers your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Jack K. Ayer
Jack K. Ayer
Assistant

